## BRIEN KELLEY vs. JOHN W. THOMAS.

A prisoner in custody of the sheriff after sentence is not entitled, on the ground of insufficiency in the warrant on which he is committed, to be discharged on habeas corpus, if the sheriff, after the issue of the writ of habeas corpus, receives an amended and sufficient warrant of commitment upon the same sentence.

HABEAS CORPUS to the sheriff of Norfolk, who returned, as the cause of detention, a warrant of commitment from the superior court in Norfolk, which recited that the prisoner now in his custody, "convict of the crime of violation of the liquor law" in that court, had been sentenced to pay a fine of $50 and costs, and to be imprisoned four months.

At the hearing, the sheriff moved for leave to amend his return by annexing thereto a copy of a new and amended mittimus which he had received, and which described the prisoner as in his custody, convicted upon an indictment alleging that the defendant at a certain time at Roxbury, without any legal authority therefor, did presume to be and was a common seller of intoxicating liquor, against the form of the statute.

P. R. Guiney, for the prisoner. The first warrant is insufficient, in not describing with legal certainty any crime, for there are many laws prohibiting the sale of different liquids, and the court cannot infer that intoxicating liquors are intended; and in not showing that the prisoner was charged upon oath with any offence. D. Davis Justice, (3d ed.) 200. Hurd on Habeas Corpus, 358. This case must be decided upon the first warrant; otherwise the provision of the Rev. Sts. c. 111, § 14, is nugatory, which requires the respondent to set forth "the true and whole cause of such imprisonment or restraint, with a copy of the writ, warrant or other process, if any, upon which the party is detained." The return cannot be amended according to facts which did not exist when it was made.

S. H. Phillips, (Attorney General,) for the defendant.

THE COURT held, that the officer might amend his return, and that as the return as amended showed a good cause of detention, the prisoner was not entitled to be discharged.

*Prisoner remanded.*